UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO PEREZ-CHICA,

       Petitioner,                                        Civil Action No.
                                                          08-CV-14782
vs.

                                                          HON. BERNARD A. FRIEDMAN

KENNETH McKEE,

       Respondent.
_____/

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE

        Antonio Perez-Chica, ("Petitioner"), confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his convictions for possession with intent to deliver 1,000 or more grams of cocaine, M.C.L.A. 333.7401(2)(a)(i); and conspiracy to possess with intent to deliver 1,000 or more grams of cocaine, M.C.L.A. 750.157a; M.C.L.A. 333.7401(2)(a)(i). Petitioner has filed a motion to stay the habeas corpus proceedings and hold the petition in abeyance to permit him to return to the state courts to present additional claims that have not been exhausted with the state courts and that are not included in his current habeas petition. For the reasons stated below, the Court will hold the petition in abeyance and stay the proceedings under the terms outlined in this opinion to permit petitioner to return to the state courts to exhaust his additional claims. If this fails, the petition will be dismissed without prejudice. The Court will also administratively close the case.

1

## I. Background

Petitioner was convicted of the above offenses following a jury trial in the Macomb County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Perez-Chica,* No. 276153 (Mich. Ct. App. March 25, 2008); *lv. den.* 481 Mich. 917, 750 N.W.2d 209 (2008); *reconsideration den.* 482 Mich. 978, 754 N.W.2d 888 (2008).

On November 6, 2008, Petitioner filed this application for writ of habeas corpus, in which he seeks habeas relief on the three claims that he raised in the Michigan appellate courts on his direct appeal.[1]

Petitioner has now filed a motion to hold the habeas petition in abeyance so that he can return to the state courts to raise additional claims that have not been exhausted with the state courts.

## II. Discussion

A federal district court has authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *See Brewer v. Johnson,* 139 F. 3d 491, 493 (5th Cir. 1998). However, to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. *Sitto v. Bock,* 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999). A federal district court is authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims in the state courts. *See Anthony v. Cambra*, 236 F. 3d 568, 575 (9th Cir. 2000); *Moritz v. Lafler,* No. 2008 WL 783751 (E.D. Mich. March 19, 2008);

---

[1] Under the prison mailbox rule, this Court assumes that Petitioner filed his habeas petition on November 6, 2008, the date that it was signed and dated. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, fn. 1 (E.D. Mich. 2001).

*Williams v. Trombley,* No. 2006 WL 36755, at * 2 (E.D. Mich. January 4, 2006); *Tran v. Bell,* 145 F. Supp. 2d 939, 941-42 (W.D. Tenn. 2001); *Hill v. Mitchell,* 30 F. Supp. 2d 997, 1000 (S.D. Ohio 1998).

The Court will grant petitioner's motion to hold his petition in abeyance while he returns to the state courts to exhaust his additional claims. The outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of the petitioner's claims in this Court due to the expiration of the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. § 2244(d)(1). A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002).

The United States Supreme Court has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court, as petitioner has done here, and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, if there is good cause for failure to exhaust and the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

Petitioner states in his motion that the new claims he wishes to exhaust in the state courts were not presented as federal constitutional claims in state courts because his appellate attorney was ineffective. On remand from the United States Supreme Court, the federal district

3

court in *Rhines* held that the ineffective assistance of post-conviction counsel constituted "good cause" for a habeas petitioner's failure to exhaust in the state court proceedings, so as to justify holding the petition in abeyance while the petitioner returned to the state courts to exhaust. *See Rhines v. Weber*, 408 F. Supp. 844, 848-49 (D.S.D. 2005). A number of judges in this district likewise hold that an appellate attorney's alleged ineffectiveness constitutes "good cause" to justify holding a habeas petition in abeyance pending the petitioner's return to the state courts. *See Taylor v. Prelesnik,* No. 2008 WL 3853300, at *3 (E.D. Mich. August 18, 2008); *Wright v. Trombley*, No. 2007 WL 4181316, at **2-3 (E.D.Mich. November 27, 2007); *Lanton v. Lafler,* No. 2007 WL 2780552, at *2 (E.D. Mich. September 24, 2007); *Hayes v. Prelesnik,* No. 2007 WL 1834749, at *1 (E.D. Mich. June 25, 2007); *Szymanski v. Renico*, No. 2007 WL 1760878, at *2 (E.D. Mich. June 15, 2007); *Chambers v. White,* 2006 WL 276738, at *3 (E.D. Mich. February 2, 2006); *Boyd v. Jones,* 2005 WL 2656639, at *4 (E.D. Mich. October 14, 2005). In addition, petitioner's claims do not appear plainly meritless. Finally, it does not appear that petitioner engaged in "intentionally dilatory tactics." *See Rhines*, 544 U.S. at 278.

However, even where a district court determines that a stay is appropriate pending exhaustion, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. To ensure that there are no delays by petitioner in exhausting state court remedies, this Court imposes time limits within which petitioner must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

The Court holds the petition in abeyance to allow petitioner to initiate post-conviction proceedings in the state courts. This tolling is conditioned upon petitioner initiating his state post-conviction remedies within sixty days of receiving this Court's order and returning to federal court

4

within sixty days of completing the exhaustion of state court post-conviction remedies. *See Hargrove,* 300 F. 3d at 721; *Geeter v. Bouchard,* 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

### III. ORDER

Accordingly,

IT IS ORDERED that petitioner may initiate post-conviction proceedings in the state court within sixty days of receipt of this Court's order. If petitioner fails to do so, the Court will dismiss the present petition without prejudice. If petitioner does initiate post-conviction proceedings in the state court, he shall notify this Court that such proceedings have been commenced. This matter will then be held in abeyance pending the petitioner's exhaustion of the claims. Petitioner shall re-file a habeas petition within sixty days after the conclusion of the state court post-conviction proceedings. Petitioner is free at that time to file an amended habeas petition which contains newly exhausted claims.

IT IS FURTHER ORDERED that the Clerk of Court shall close this case for statistical purposes only in order to avoid administrative difficulties. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock,* 207 F. Supp. 2d at 677.

S/Bernard A. Friedman_____
Dated: February 5, 2009____            BERNARD A. FRIEDMAN
  Detroit, Michigan              SENIOR UNITED STATES DISTRICT JUDGE

5